IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BONNIE CLARK, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 19-cv-897-NJR-MAB |
| DG RETAIL, LLC, a corporation d/b/a Dollar General, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiff Bonnie Clark (Doc. 13). For the reasons set forth below, the Court grants the motion.

### FACTUAL & PROCEDURAL BACKGROUND

This case was initially filed by Plaintiff Bonnie Clark ("Clark") in Franklin County state court on August 21, 2018 (Doc. 1-2). Almost one year later, on August 16, 2019, Defendant DG Retail LLC, a corporation d/b/a Dollar General ("DG Retail") removed the case to this Court, asserting that removal is proper because the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441 (Doc. 1). The Notice of Removal alleges that Clark is a citizen of the state of Illinois, and DG Retail is a citizen of the state of Tennessee (*Id*.). DG Retail also alleges that the amount in controversy is satisfied, but indicates that this was not established until DG Retail received Clark's demand letter dated August 6, 2019, in which she demanded $135,000.00 to settle the case (Doc. 1, p. 3).

On August 26, 2019, Clark moved to remand the case on the basis that DG Retail's Notice of Removal is untimely pursuant to 28 U.S.C. § 1446. (Doc. 13). Clark specifically

argues that DG Retail was required to remove the case on or before September 24, 2018 (*Id*.). On September 20, 2019, DG Retail filed a memorandum in opposition to Clark's motion to remand (Doc. 14).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. *See* 28 U.S.C. § 1446(b). The defendant bears the burden of establishing removal jurisdiction and compliance with all procedural requirements. *Fields v. Jay Henges Enterprises, Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Remand to the state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process. 28 U.S.C. § 1447(c); *McAdams v. Shindong Indus. Co. Ltd.*, Case No. 18-cv-2199-JPG-RJD, 2019 WL 1924265, at *3 (S.D. Ill. Apr. 30, 2019). A defendant seeking removal must strictly comply with all statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded. *Fields*, 2006 WL 1875457, at *2.

## ANALYSIS

Clark asks the Court to remand this case on the basis that the Notice of Removal was untimely. DG Retail responds by arguing that, because it was unable to determine whether

the amount in controversy was satisfied until it received the settlement demand on August 6, 2019, the thirty-day requirement for removal began on that date.

Pursuant to 28 U.S.C. § 1446, a notice of removal of a civil action must be filed within thirty days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b). Section (b)(3) further provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The time limits in Section 1446 are mandatory, and the failure to comply with those limits bars removal. *Northern Ill. Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982). A federal court cannot extend the time limit for filing a notice of removal, and the thirty-day time limit will be strictly construed against the defendant. *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328-29 (N.D. Ind. 1991) (citing *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219 (7th Cir. 1985)).

DG Retail claims that, because Clark only claimed an amount "in excess of $50,000.00" in her Complaint, the jurisdictional amount for removal was not met, and Clark's case was not removable at the time her Complaint was filed. The Court disagrees.

"[T]he defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction." *Roberson*, 770 F. Supp. at 1328-29. A defendant who desires to remove a case to federal court cannot "wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court." *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).

The face of Clark's Complaint demands at least $50,000 plus costs, consistent with

state court procedure (Doc. 1-2, p. 4). She also alleges that she sustained a litany of "severe" and "extensive injuries to her head, body, and limbs, both internally and externally." (Doc. 1-2, p. 2-3). Specifically, she alleges that she injured her neck, back, right shoulder, right knee, the "soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves." (Doc. 1-2, p. 3). Clark alleges that she has "expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future." (*Id.*). She also alleges that she has "experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries." (*Id.*). Lastly, she alleges that she has "lost money from the loss of wages and will suffer an impairment of future earning capacity." (*Id.*).

Here, the Court finds that the allegations mentioned above put DG Retail on notice at the time of service of Clark's complaint that the jurisdictional amount in controversy was satisfied. *See, e.g. Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (finding that the amount in controversy was satisfied in personal injury case based on allegations that the damages exceed $50,000 and that the plaintiff suffered a litany of injuries which included future thromboembolic events, physical pain and mental anguish, diminished enjoyment of life, medical, heath and incidental and related expenses, the need for lifelong medical treatment, etc.); *see also Reynolds v. Schnucks Markets, Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *2 (S.D. Ill. May 19, 2009) (finding that the amount in controversy was satisfied in slip-and-fall case based on allegations that the damages exceed $50,000 and that the plaintiff suffered significant injuries, pain, suffering, loss of enjoyment of life, medical and other health care expenses and will incur additional medical expenses in the future); *see also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (holding that amount in controversy was satisfied in slip-and-fall case where the plaintiff's medical expenses and lost

earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *see also Fields*, 2006 WL 1875457, at *4 (holding that amount in controversy was satisfied in personal injury case based on allegations that the damages exceeded $50,000, and that the plaintiff suffered "great physical injuries" to his skin and body as a whole, would continue to suffer pain and mental anguish in the future, his ability to work was greatly diminished, and he incurred medical expenses). Thus, DG Retail should have filed its notice of removal within the thirty-day period.

Thus, the Court finds that DG Retail failed to remove the case within thirty days after service of the Complaint, and remand is appropriate.

## Conclusion

For the reasons set forth above, the Court **GRANTS** the Motion to Remand (Doc. 13) filed by Plaintiff Bonnie Clark and **REMANDS** this action to the Circuit Court for the Second Judicial Circuit, Franklin County, Illinois, pursuant to 28 U.S.C. § 1447(c) by reason of a procedural defect in removal.

**IT IS SO ORDERED.**

**DATED:** November 7, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**